[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Safeco Insurance Company (Safeco) moves (#101) to vacate an arbitration award that prorated certain underinsured/uninsured motorists coverage (UM coverage) between the plaintiff and defendant Transamerica Insurance Company (Transamerica).
Defendant Theresa Villegas was involved in an automobile accident while operating a motor vehicle owned by her sister, Rose Marie Rodriguez, and insured by Transamerica. At the time of the incident, Villegas was also covered by her own policy of insurance issued by plaintiff Safeco.
The arbitrators made the following findings and award. Villegas' injuries and damages were caused by the negligence of an uninsured driver. She sustained damages in the amount of $111,777.88, reduced to $110,000.00 after considering collateral source payments. The total available coverage was CT Page 896 $220,000.00, $200,000.00 under the Transamerica policy and 20,000.00 under her own Safeco policy.
The arbitrators prorated the total coverage with each carrier paying Villegas that proportion of her damages which corresponded to each carrier's percentage of the aggregate available uninsured coverage. In addition, Safeco was entitled to a $5,000.00 credit for basic reparation benefit payments.
Therefore, the arbitrators found that Villegas was entitled to recover $100,000.00 from Transamerica, and $5,000.00 from Safeco.
Safeco applies to vacate the arbitration award on the ground that the arbitrators erred as a matter of law in prorating the coverage, instead of finding that Transamerica's coverage was primary, and that its policy had not been exhausted.
General Statutes 38-175 c (a)(1) mandates arbitration of issues of coverage relating to uninsured motorist insurance. A reviewing court must conduct a "de novo review of the interpretation and application of the law by the arbitrators". Streitweiser v. Middlesex Mutual Assurance Co., 219 Conn. 371,375, 593 A.2d 498 (1991).
Safeco argues that Transamerica is the primary carrier because Safeco's "other insurance" clause contemplates Safeco's liability as excess or secondary. Furthermore, Safeco argues that the Transamerica policy covering the vehicle which was involved in the accident provides primary coverage as it is "closest to the risk".
Transamerica argues in opposition that the arbitrators' award was correct because, as a matter of law where both contracts contain conflicting "excess" clauses, each policy should be treated as primary and the loss should be prorated.
In insurance policies there are three types of "other insurance" clauses: "escape", "excess" and "pro-rata".
 An "escape" clause is one in which if other UM coverage exists the liability of the writer of the clause is extinguished. . . .
 A "pro-rata" clause is one which provides that if there is other collectable insurance on the loss, the writer of the clause is liable only CT Page 897 for its pro-rata share of the loss. That is done by adding all the policy limits together and allocating the portion of that total which is contributed by the writer to the claim. . .
 An "excess" clause is one which provides that if there is other collectable insurance covering the loss the writer's policy is applicable if the total loss exceeds the limits of the primary policy. 8A Appleman Insurance Lawn and Practice 4906, 4908, 4909 and 4910.
Aetna Casualty Surety v. CNA Insurance Companies, 4 Conn. L. Rept No. 11, 366, 367 (July 29, 1991). The insurance clauses in this case appear to be of the "excess" type.
 Safeco's "other insurance" clause provides as follows: If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.
According to the policy "You" refers to the "`named insured' shown in the Declarations" and "[t]he spouse if a resident of the same household".
Transamerica's policy provides in pertinent part that:
 If there is other applicable similar insurance, we will not pay for any damages which would duplicate any payment made for damages under such similar insurance. However, any insurance we provide with respect to a vehicle you do not own, to which other similar insurance is applicable, shall be excess over such other applicable insurance.
"You" is defined under this policy as the "`named insured' shown in the Declarations." It seems clear that Rose CT Page 898 Marie Rodriguez, the owner of the vehicle that Villegas was driving when she was injured, is the "named insured" shown on the Transamerica insurance policy.
Therefore, this excess clause in the Transamerica policy is inapplicable and not in conflict with the Safeco policy as the named insured (Rodriguez) does own the vehicle which Transamerica's policy covers.
The remainder of the "other insurance" clause, which provides that Transamerica will not duplicate payment under any similar insurance, is applicable.
Transamerica's policy thus contemplates primary coverage so long as no duplicate payments are involved. The policy only contemplates excess or secondary coverage for a car which the named insured does not own. In this case, the subject car is owned by the named insured (Rodriguez) and Transamerica's coverage is therefore primary.
Safeco's "other insurance" clause provides that: ". . .any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance." "You" in the policy refers to the "named insured", in this case Villegas. It follows that this excess clause does apply to Villegas as she is the "named insured", and does not own the vehicle she was operating.
Safeco's policy contemplates only excess or secondary coverage for a vehicle which the named insured does not own. As the subject car is not owned by the named insured, Safeco's coverage is secondary.
Since in our judgement Transamerica's insurance policy is primary and Safeco's is secondary, the arbitration award prorating the coverage between the plaintiff and defendant Transamerica is vacated as Transamerica's liability under its $200,000.00 policy was not exhausted. If both "excess" clauses were in fact in conflict, proration may well be the best solution but not in this case.
So ordered. Dated at Bridgeport, Connecticut this day of January 3, 1992.
WILLIAM B. LEWIS, JUDGE